UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 7:07-cr-00711-GRA-20 |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Sandra Hall, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes upon Defendant's *pro se* motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). (ECF No. 72). For the following reasons, Defendant's Motion is DENIED.

## Background

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this

amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

### I. Sentence Reduction

Defendant was originally sentenced to 120 months imprisonment on April 18, 2008 pursuant to the U.S.S.G. § 2D1.1(c), with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | 27 |
| Criminal History Category: | III |
| Months' Imprisonment: | 120 months (statutory) |

This sentence was within the revised, advisory guidelines range and in compliance with the statutory minimum outlined in 21 U.S.C. § 841(b) (1) (A). Further, Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

Total Offense Level:        23

Criminal History Category:  III

Months' Imprisonment:       <u>120 months (statutory)</u>

This Court did not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10 (b) (1). Defendant's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A), not the United States Sentencing Guidelines. Because Defendant's sentence was not based on the Sentencing Guidelines, and Amendment 750 lowered only the crack cocaine offense levels in § 2D1.1 of the Sentencing Guidelines, Amendment 750 does not lower Defendant's applicable sentencing ranges. *See United States v. Hood*, 556 F.3d 226, 228 (4th Cir. 2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines). Therefore, Defendant's

sentence range under the new amendment does not change, and Defendant's Motion for Reduction of Sentence is DENIED.[1]

### Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1(c) and 1B1.10, effective November 1, 2011, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, the Defendant's motion is DENIED.

**IT IS THEREFORE ORDERED THAT** Defendant's motion be DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 21, 2011
Anderson, South Carolina

---

[1] The Court notes that the United States has a pending Motion for Reduction of Sentence before this Court. *See* ECF No. 1533. The Court will reexamine this issue when the United States' Motion is heard before this Court in early 2012.